BOISE, APPELLANT, *v.* WARREN, APPELLEE.

376

(No. 1208—Decided August 2, 1950.)

*Mr. Charles H. Lampen,* for appellant.
*Messrs. Vandemark & Vandemark,* for appellee.

HUNSICKER, P. J. In this appeal on questions of law, the facts show the following matters of record:

On November 28, 1947, a transcript from the justice of the peace court of Hobart Holton, Wellington township, Lorain county, Ohio, together with the original papers in an action before such justice of the peace, was filed as an appeal *de novo* to the Common Pleas Court of Lorain County.

The action commenced in the justice of the peace court by the appellant in this court, Myron E. Boise, herein called Boise, sought a judgment for $300 against the appellee in this court, Ben B. Warren, herein called Warren, for the alleged "setting fire to and burning" by Warren of a "hedge on property at 521 Herrick avenue, East, Wellington, Ohio."

A trial to a jury in the justice of the peace court resulted in a judgment in favor of Boise and against Warren in the amount of $300 and the costs of such action.

Upon appeal by Warren to the Common Pleas Court, a petition, thereafter amended, was filed in the Common Pleas Court by Boise, the amended petition alleging that the action was filed on appeal from the justice of the peace court, and that Warren "wilfully and maliciously set fire to and burned a hedge on property owned by the plaintiff (Boise) at 521 Herrick

avenue, East, Wellington, Ohio." The prayer of this amended petition asked for $300 damages and the costs of the action.

The answer to this amended petition admitted that the cause came into the Common Pleas Court on appeal from the justice of the peace court, and denied the other allegations of such amended petition.

The action was called for trial in the Common Pleas Court on November 18, 1949; the parties and their counsel were there present. Prior to the impanelling of a jury, counsel for Warren orally moved the court for judgment because of lack of jurisdiction of the justice to entertain such an action. The Court of Common Pleas granted the motion for judgment in favor of Warren, whereupon counsel for Boise orally moved the court to grant Boise a new trial. This oral motion for a new trial was overruled. The journal entry granting such judgment to Warren and overruling the oral motion of Boise for a new trial was filed with the clerk of courts on November 18, 1949.

On November 26, 1949, counsel for Boise filed a written motion to vacate the judgment entered against Boise on November 18, 1949, and, in such written motion, said, "and supplementing his oral motion grant a new trial for the following reasons, to wit:

"1. The judgment for defendant is contrary to law.

"2. Said motion for judgment for defendant made by counsel for defendant is not according to any law.

"3. Errors of law occurring at the hearing.

"4. Plaintiff's counsel taken by surprise had not sufficient time to give the correct law to the court."

This motion as filed on November 26, 1949, the court overruled by a journal entry filed with the clerk of courts on December 7, 1949. On December 9, 1949, a notice of appeal was filed by counsel for Boise as follows:

"Comes now the above named plaintiff-appellee (appellant) herein and hereby gives notice of appeal to the Court of Appeals from a judgment rendered by the Court of Common Pleas in the above entitled cause on November 18, 1949, and *from an order overruling plaintiff-appellee's motion for an order vacating the judgment in this cause and supplementing his oral motion for a new trial* rendered by said Court of Common Pleas on December 6, 1949.

"Said written motion filed by leave of court granted on November 19, 1949.

"This appeal is on questions of law."

When the matter came on for hearing in this court, counsel for Warren filed a written motion in this court to dismiss the appeal for the reason that "the notice of appeal was not filed within the time prescribed by statute." The parties not desiring to orally argue either this motion to dismiss the appeal or the merits of the case, the entire matter was submitted to this court on the briefs filed herein.

We direct our attention to the motion to dismiss this appeal. Section 12223-7, General Code, provides that the time within which a notice of appeal to the Court of Appeals shall be filed is 20 days. A failure to file such notice within such time confers no jurisdiction upon this court to entertain the appeal. 2 Ohio Jurisprudence, Appellate Review, Part 1, Section 240.

The notice of appeal was filed 21 days after the entry of November 18, 1949, overruling the oral motion for a new trial, and this appeal should be dismissed unless it can be claimed that such oral motion and the judgment rendered thereon were of no effect, since eight days after November 18, 1949, to wit, on November 26, 1949, a written motion to vacate the judgment and grant a new trial was filed. This motion was overruled, and an entry thereon was filed on December 7, 1949.

Section 11579, General Code, provides the manner by which the motion for a new trial shall be made. This section of the General Code reads as follows:

"The application must be made by motion, upon written grounds, filed at the time of making the motion; the causes enumerated in subdivisions two, three and seven, hereinbefore enumerated, must be sustained by affidavits or depositions, showing their truth, and may be controverted by affidavits or depositions, and for this purpose depositions may also be taken in the county where the action is pending."

We do not have any way of knowing what grounds were urged upon the court in the oral motion for a new trial. Neither the bill of exceptions nor the judgment entry of November 18, 1949, states what they were. From all that appears before us, no grounds at all were stated, and none were reduced to writing as the statute requires.

The purpose to be served in stating in writing the grounds of a motion for a new trial is to apprise the court and opposing counsel of such grounds.

The statutes do not provide for an amendment of a motion for a new trial, nor does the statute specifically deny the right to amend a motion for a new trial.

The question confronting this court is similar to the question raised in the case of *Independent Coal Co.* v. *Quirk et al., Partners,* 16 C. C. (N. S.), 546, 26 C. D., 471, affirmed without opinion in *Independent Coal Co.* v. *Quirk et al., Partners,* 80 Ohio St., 746, 89 N. E., 1120. In that case, the Circuit Court said (at p. 549):

"We have then this question, whether a party may, within three days after the return of a verdict against him, and after the overruling of his first motion file a second motion for a new trial upon a new ground that was not known by him to exist when his first motion was made. The sections of the Revised Statutes,

relative to applications for new trial within term, are 5305 to 5308 inclusive, and they contain no express provision forbidding the practice here in question. Nor does the doctrine of *res judicata* apply strictly to mere motions even where such motions result in orders that are reviewable. We entertain no doubt that the trial court has full power to permit the filing of a second motion under these circumstances, and while it did not expressly give such permission in the present instance, the fact that it entertained the second motion, by hearing and disposing of it, on its merits, conclusively implies such permission (14 Ency. Pl. & Practice, 176, 183, 184 and 191, and cases cited).''

In the case now before us, the Court of Common Pleas did entertain and rule on the written motion. This motion was filed within the time prescribed by statute and stated the grounds thereof in writing. We therefore determine that the time for filing the notice of appeal in the instant case ran from the date of the journal entry overruling the written motion for a new trial; to wit, December 7, 1949. The motion to dismiss the appeal is therefore overruled.

We next direct our attention to the merits of this appeal.

The appeal from the justice of the peace court to the Common Pleas Court was taken by Warren, against whom the judgment was rendered. There was no objection to the jurisdiction of such justice of the peace until the issues were made by the filing of the petition, the amended petition, and the answer, in the Common Pleas Court. On the day the case was called for trial in the Common Pleas Court, Warren first interposed his objection to the original jurisdiction of the justice of the peace court.

Many cases have been examined which discuss the jurisdiction of the justice of the peace where an appeal

to' the Court of Common Pleas has been taken, but, in most of such cases, the question of jurisdiction of the subject matter of the action and the question of jurisdiction of the person are confused.

In the case of *Van Dyke* v. *Rule,* 49 Ohio St., 530, at p. 535, 31 N. E., 882, the court said:

"* * * Where the justice of the peace had no jurisdiction of the subject matter, an appeal from his judgment will confer none on the Court of Common Pleas. * * *

"And it is equally certain that the appeal confers on the appellate court jurisdiction only of the cause of action appealed.

"It is also settled in this state that, though the justice of the peace had not jurisdiction of the cause of action appealed from, yet, if the subject matter of the action was within the original jurisdiction of the appellate court, and the parties without objecting to the jurisdiction, joined issue and went to trial, they should be held to have waived the objection."

Where a judgment of a justice of the peace court is appealed to the Court of Common Pleas, the jurisdiction of such Court of Common Pleas is appellate only, and is limited to the cause of action tried in such justice of the peace court. An objection to the jurisdiction of the Common Pleas Court, made in that court after the appeal from the justice court has been taken and before the cause is submitted to the Common Pleas Court for determination, is made within time; and if the justice of the peace had no original jurisdiction of the subject of the action appealed, the cause should be dismissed.

The jurisdiction of a justice of the peace is set out in Section 10223 *et seq.,* General Code. With respect to the question before us, Section 10231, General Code, in part, reads:

"Justices shall have jurisdiction in actions in which the title to real estate may be drawn in question:

"1. In actions for trespass on real estate where the damages demanded do not exceed one hundred dollars * * *."

And Section 10232, General Code, says, in the part applicable herein:

"Justices shall not have cognizance of any action:
"* * *

"6. In actions in which the title to real estate is sought to be recovered, or may be drawn in question, except in the cases provided for in the next preceding section."

As to an action for trespass to real estate, the jurisdiction of the justice of the peace court is limited to damages not to exceed $100; and, under subdivision 6 of Section 10232, General Code, the statute uses the word "may" to indicate what restriction is imposed on such court's jurisdiction.

The only Ohio case which is cited by counsel that is similar to the instant action, and the only case we have found, is *Erie Rd. Co.* v. *Furry,* 9 C. D., 850, 18 C. C., 880. The court there held that the burning by the railroad company of "fences, grass, pasture and meadow" was not an action of trespass to realty, but such an action as "involved the title or possession to real estate."

A collection of the authorities on the question in the matter before us is found in 115 A. L. R., 504 *et seq.*

It will be noted that if the instant action is considered as an action for damages for trespass upon real estate under the provisions of Section 10231, General Code, the justice of the peace was without jurisdiction of the action because the amount demanded as damages exceeded the sum of $100, the limit of the jurisdiction of the justice of the peace court in such an action; and,

if it is considered as one not involving trespass upon real estate but one in which the title to real estate may be drawn in question, the justice of the peace court, under the provisions of Section 10232, General Code, was without jurisdiction.

We therefore determine that, however the action is considered, the justice of the peace court was without jurisdiction to entertain it.

We further determine that, under the circumstances here present, the appeal to the Common Pleas Court did not have the effect of conferring upon it any greater or different jurisdiction of said cause than was had by the justice of the peace court.

The judgment of the Common Pleas Court, dismissing the appeal for lack of jurisdiction of the justice of the peace court, is affirmed.

*Judgment affirmed.*

Doyle and Guernsey, JJ., concur.

Guernsey, P. J., of the Third Appellate District, sitting by designation in place of Stevens, P. J.